UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREN B. COAN,  
Individually and on behalf  
of the K.L.C., Inc. 401 (k)  
Profit Sharing Plan,

      Plaintiff,

v.

ALAN H. KAUFMAN and EDGAR W. LEE,

      Defendants.

NO. 3:01CV1737 (RNC)

SEPTEMBER 7, 2001

## COMPLAINT

### SUMMARY OF THE ACTION

For many years, the plaintiff, Karen B. Coan ("Coan") was the controller and human resources manager of K.L.C., Inc. ("KLC"), an equipment leasing company in West Hartford, Connecticut. Coan was also a participant in KLC's 401k plan, the K.L.C., Inc. 401k Profit Sharing Plan on whose behalf she also brings this action (the "401k Plan"). The defendants, Alan H. Kaufman ("Kaufman") and Edgar W. Lee ("Lee"), were the owners, the president and vice-president of KLC and the co-trustees of the 401k Plan. Coan brings this action to recover substantial financial damages incurred because of imprudent investments made by the 401k Plan trustees, Kaufman and Lee.

### JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132 (e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA").

## VENUE

1. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e)(2). The defendants Kaufman and Lee administered the employee benefit plan at issue in the District of Connecticut and the acts complained of occurred in this District.

## THE PARTIES

1. The plaintiff Coan, at all relevant times, was an employee of KLC within the meaning of 29 U.S.C. §1002(6) and a participant in the KLC 401k Plan on whose behalf she also brings this action within the meaning of 29 U.S.C. §1002(7).

2. The defendant, Kaufman, at all relevant times herein, was a fiduciary within the meaning of 29 U.S.C. §1002(21)(A).

3. The defendant, Lee, at all relevant times herein, was a fiduciary within the meaning of 29 U.S.C. §1002(21)(A).

4. KLC, at all relevant times herein, was an employer within the meaning of 29 U.S.C. §1002(5) and a plan sponsor within the meaning of 29 U.S.C. §1002(16)(B).

## FACTUAL ALLEGATIONS

5. KLC was a commercial equipment leasing company founded by Lee and Kaufman in 1975. (1977)

6. Coan became a KLC employee in 1977 and ultimately served as the company's controller until 2000.

7. KLC's 401k Plan was established in 1996. At all relevant times herein, the 401k Plan consisted of three funds: (a) a profit sharing fund requiring contributions from KLC and its employees (the "401k Fund"); (b) a profit sharing fund originally established in 1987 under which contributions were made solely by KLC (the "Profit Sharing Fund"); and, (c) assets

rolled over from a previous KLC defined benefit plan terminated by KLC in approximately 1989 (the "Rollover Fund"). Kaufman and Lee separately accounted for, managed, and invested each of the three funds. Only approximately one quarter of the 401k Plan and Profit Sharing Plan participants had an interest in the Rollover Fund. At all relevant times, Kaufman and Lee were the co-trustees of the 401k Plan and its three funds. They were solely responsible for making investment decisions affecting the Rollover Fund and the Profit Sharing Fund. Investments of the 401k Fund assets were directed by the employees.

8. In May 1998, KLC was acquired by another company, Unicapital Corporation. Unicapital directed KLC, Kaufman and Lee to roll the assets of the 401k Plan into its 401k plan, but Kaufman and Lee transferred only the assets of the 401k Fund. In 1998 the Profit Sharing Fund had $1.7 million and the Rollover Fund had $529,000 in assets.

9. Because of Kaufman and Lee's imprudent investment decisions, in 1999, a year in which prudent investment managers yielded excellent investment returns, the Profit Sharing Fund yielded virtually no return.

10. In 2000, as prudent managers found investment yields shrinking and made increasingly more conservative investment judgments, Kaufman and Lee continued to make imprudent and even reckless investment decisions, including the transfer of large portions of the Profit Sharing and Rollover Funds into investment funds denominated or described as "aggressive growth", a decision rendered less prudent and/or even reckless by the fact that during the year 2000 the 401k Plan was being dissolved and had a particular need to remain safe and liquid. However, during 2000, Kaufman prudently moved a substantial sum of his own money out of the aggressive growth investments which thereafter significantly declined in value, causing further financial prejudice to the funds.

11. The dissolution of the 401k Plan was completed during 2001 and what was left of the 401k Plan assets was distributed to 401k Plan participants.

12. By engaging in the acts and omissions set forth above, Kaufman and Lee breached their fiduciary duties to the 401k Plan and to Coan under ERISA §404 (B) by failing to make investment decisions with the care, skill, prudence, and diligence that would have been exercised by a prudent person familiar with investment decisions and acting under similar circumstances. Kaufman and Lee failed to employ appropriate methods to investigate the merits of investments. Kaufman and Lee failed to consider adequately the cash flow needs of the 401k Plan and the withdrawal needs of the plan participants.

13. By engaging in the acts and omissions set forth above, Kaufman and Lee breached their fiduciary duties to the 401k Plan and to Coan pursuant to ERISA §404 (C) by failing to diversify the investments of the 401k Plan so as to minimize the risk of large losses.

14. Having engaged in the acts and omissions set forth above, pursuant to ERISA §405, Kaufman and Lee are each responsible for the other's breaches of fiduciary duty for one or more of the following reasons: (a) they participated knowingly in, or knowingly undertook to conceal an act or omission of the other fiduciary knowing such act or omission was a breach; (b) by enabling their co-fiduciary to commit a breach of fiduciary duty because of their failure to comply with ERISA §404 (a)(1) in the administration of their responsibilities; (c) by failing to make reasonable efforts to remedy their co-fiduciary's breach despite knowledge of the breach; (d) by failing to take reasonable care to prevent a breach of fiduciary duty by their co-fiduciary.

15. Kaufman and Lee's breaches of fiduciary duty described above have caused the 401k Plan and Coan great financial loss and Kaufman and Lee are liable pursuant to ERISA §502 (a)(2) for appropriate civil relief under ERISA §409.

16. Kaufman and Lee's breaches of fiduciary duty described above have caused the 401k Plan and Coan irreparable harm for which they have no plain, adequate, or complete remedy at law and equitable relief is therefore appropriate pursuant to ERISA §502 (a)(3) and/or such relief is appropriate because of Kaufman and Lee's violations of the ERISA statute without evidence of irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff in her individual and representative capacity, prays for relief as follows:

1. Damages and/or the restoration of losses to the 401k Plan and/or the participants and beneficiaries of the 401k Plan including Coan pursuant to ERISA §502 (a)(2) and ERISA §409 (a).

2. Restitution to the 401k Plan and/or or the participants and beneficiaries of the 401k Plan including Coan pursuant to ERISA §502 (a)(2), ERISA §409 (a), and/or ERISA §502 (a)(3).

3. Other appropriate equitable relief pursuant to ERISA §502 (a)(3).

4. Interest;

5. Attorney's fees pursuant to ERISA §502 (g)(1);

6. Such other and further relief as the Court may deem just.

Dated: 9/7/01

THE PLAINTIFF

BY _____
Thomas G. Moukawsher
Federal Bar No. Ct08940
Moukawsher & Walsh, LLC
328 Mitchell Street; P.O. Box 966
Groton, CT 06340