UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREN B. COAN, Individually and : NO. 3:01CV1737(MRK)
on behalf of the K.L.C. Inc. :
401(k) Profit Sharing Plan :
:
     Plaintiffs, :
:
V. :
:
ALAN H. KAUFMAN, ET AL. :
:
     Defendant. : DECEMBER 8, 2003



## SUBSTITUTE MOTION TO PRECLUDE
## THE AFFIDAVIT OF EDGAR LEE

### I. FACTS AND BACKGROUND

For many years, the Plaintiff, Karen B. Coan ("Coan") was the controller and human resources manager of K.L.C., Inc. ("KLC"). Defendants Alan H. Kaufman ("Kaufman") and Edgar W. Lee ("Lee") (collectively, "defendants") were co-owners, president and vice-president of KLC, as well as a co-trustees of KLC's 401(k) Plan (the "Plan").

Kaufman and Lee were solely responsible for making investment

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

decisions affecting two of the three funds within the Plan. Because of Kaufman and Lee's imprudent investment decisions, the Plan experienced almost no growth in 1999, a year in which prudent investment managers yielded excellent investment returns. In 2000, as prudent investment managers found yields shrinking and made increasingly more conservative investment judgments, Kaufman and Lee continued to make imprudent investment decisions, at one point moving large portions of the Plan into "aggressive growth" mutual funds. This decision was especially imprudent because the Plan was about to be dissolved, and thus needed to remain safe and liquid.

In support of their October 15, 2003 Motion for Summary Judgment, Kaufman and Lee offer an affidavit executed by Lee on June 9, 2003. Lee died on June 24, 2003. Therefore, as set forth in her accompanying Memorandum, because he is no longer "competent to testify" on the matters contained in his affidavit, as required by the Federal Rules of Civil Procedure, Lee's affidavit is not admissible summary judgment proof. Furthermore, aside from the affidavit's inadmissibility under the Federal Rules, it is also inadmissible because it contradicts earlier testimony given by Lee in a deposition. To the extent that defendants claim that Lee's affidavit *does not* contradict his deposition testimony, it is superfluous.

WHEREFORE, plaintiff in the above captioned matter respectfully moves the Court to grant her Motion to Preclude.

>Respectfully submitted,
>
>THE PLAINTIFF:
>KAREN B. COAN
>
>By _____
>Thomas G. Moukawsher (ct08940)
>Ian O. Smith (ct24135)
>Moukawsher & Walsh, LLC
>21 Oak Street, Suite 209
>Hartford, CT  06106
>(860) 278-7000
>Her Attorneys

3

## **CERTIFICATION:**

A copy of the foregoing has been mailed, postage prepaid, to the following counsel and pro se parties of record:

                                        Glenn W. Dowd, Esquire
                                        Day, Berry & Howard, LLP
                                        CityPlace I, 185 Asylum St.
                                        Hartford, CT 06103-3499

Date: December 8, 2003

                                        _____
                                        Thomas G. Moukawsher