Service: **Get by LEXSEE®**
Citation: **2003 us app lexis 22281**

*78 Fed. Appx. 782; 2003 U.S. App. LEXIS 22281, **

MARYANN PARTSINEVELOS, Plaintiff-Appellant, -v.- TROPICAL MACHINES, INC., FRANK MASSABNI, AND JOHN AND JANE DOES, SAID NAMES BEING FICTITIOUS AND BEING INTENDED TO NAME ANY OTHER PERSONS OR ENTITIES THAT ARE PLAN SPONSORS, PLAN ADMINISTRATORS, TRUSTEES AND/OR FIDUCIARIES OF THE WELFARE PLAN SPONSORED BY TROPICAL MACHINES, INC., Defendants-Appellees.

No. 03-7211

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

78 Fed. Appx. 782; 2003 U.S. App. LEXIS 22281

October 29, 2003, Decided

**NOTICE:** [*1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Eastern District of New York (William D. Wall, Magistrate Judge).

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff former employee sued defendants, a former employer, individuals, and a plan administrator, alleging violations of §§ 502(c), 502(a)(1)(B), 502(a)(3), and 510, of the Employee Retirement Income Security Act of 1974 (ERISA), and the New York State Human Rights Law, N.Y. Exec. Law § 296 (2003). The United States District Court for the Eastern District of New York granted summary judgment in favor of defendants. The employee appealed.

**OVERVIEW:** The employee asserted that she was a "participant" within the meaning of ERISA because she was entitled to receive medical benefits beginning the first day of the month following one month of employment pursuant to the employer's agreement with its insurance provider. In addition, she asserted that she would have enrolled in the medical plan but for the employer's malfeasance. The court of appeals found that the express terms of the contract, required eligible employees to apply for coverage by submitting an enrollment form to the insurance provider. The employee never submitted an enrollment form to the insurance provider. Consequently, she was not enrolled in or entitled to receive medical benefits under the employer's plan and was not a participant in the plan simply because she was eligible for coverage. Even if the employer affirmatively misrepresented that the employee would become eligible for medical coverage after 90 days of employment rather than 30, the employee failed to show that she actually relied on such misrepresentation. The employee also failed to show that she would have applied for coverage but for the employer's failure to provide her with enrollment forms.

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** coverage, enrollment, eligible, eligibility, misrepresentation, misrepresented, affirmatively, terminated, enroll, entitled to receive, evidence to support, failed to produce, malfeasance, enrolled

## LexisNexis (TM) HEADNOTES - Core Concepts - ◆ Hide Concepts

Civil Procedure > Justiciability > Standing
Labor & Employment Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies

HN1 ⬥ A claimant has standing under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.S. § 1001 et seq., if she can demonstrate that she would have been a participant in her employer's benefit plan "but for" her employer's misrepresentations.   More Like This Headnote

**COUNSEL:** Counsel for Plaintiff-Appellant: MARTIN GRINGER and JOSHUA A. MARCUS, Franklin & Gringer, P.C., Garden City, NY.

Counsel for Defendants-Appellees: JOHN K. DIVINEY, Alan B. Pearl & Associates, P.C., Syosset, NY.

**JUDGES:** PRESENT: HON. THOMAS J. MESKILL and HON. BARRINGTON D. PARKER, JR., Circuit Judges, HON. DENNY CHIN, n1 District Judge.

n1 The Honorable Denny Chin, United States District Court for the Southern District of New York, sitting by designation.

**OPINION:** SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-Appellant Maryann Partsinevelos appeals from a February 6, 2003 order of the United States District Court for the Eastern District of New York (William D. Wall, *Magistrate Judge*) granting summary judgment to Defendants-Appellees (collectively, [*2] "Tropical") in a suit alleging violations of ERISA §§ 502(c), 502(a)(1)(B), 502(a)(3), and 510, as well as of the New York State Human Rights Law, N.Y. Executive Law § 296 (McKinney 2003). The district court granted Tropical's cross-motion for summary judgment on the ground that Partsinevelos did not qualify as a "participant" under ERISA and therefore lacked standing to bring claims under ERISA.

On appeal, Partsinevelos argues that she is a "participant" within the meaning of ERISA because she was entitled to receive medical benefits beginning the first day of the month following one month of employment pursuant to Tropical's agreement with its insurance provider, MDNY Healthcare, Inc. In addition, she asserts that she would have enrolled in the medical plan but for Tropical's malfeasance.

We find these arguments without merit. Under Tropical's agreement with MDNY Healthcare, employees of Tropical were eligible for coverage upon meeting three conditions: 1) the employee works at least twenty hours a week, 2) the employee has entered into an "eligibility period" which begins on the first day of the month following an employer-imposed waiting period, and 3) [*3] the employee works or resides in Nassau or Suffolk counties. Partsinevelos contends that she had met all three conditions, and that she was consequently entitled to vested benefits under the plan. This conclusion, however, does not comport with the express terms of the contract, which requires eligible employees to apply for coverage by submitting an enrollment form to MDNY. It is not disputed that Partsinevelos never submitted

an enrollment form to MNDY. Consequently, she was not enrolled in or entitled to receive medical benefits under Tropical's plan. In other words, she was not a participant in the plan simply by virtue of having been eligible for coverage.

Partsinevelos argues, however, that her failure to enroll in Tropical's plan should be excused by virtue of Tropical's malfeasance. Specifically, she alleges that Tropical affirmatively misrepresented the date of her eligibility - telling her that she was eligible for coverage only after 90 days of employment, whereas the plan required only 30 days of employment. Moreover, she alleges that Tropical failed to provide her with enrollment forms, and terminated her employment after she made inquiries about her eligibility for coverage. [*4] Such conduct, Partsinevelos asserts, allows her to achieve participant status under Mullins v. Pfizer, Inc., 23 F.3d 663 (2d Cir. 1994), which held that **HN1** a claimant has standing under ERISA if she can demonstrate that she would have been a participant in her employer's benefit plan "but for" her employer's misrepresentations.

That test is not met here. Even if Tropical affirmatively misrepresented that Partsinevelos would become eligible for medical coverage after 90 days of employment rather than 30, she failed to produce any evidence to support her claim that she actually relied on such misrepresentation. To the contrary, it is undisputed that she did not take any steps to enroll until a few weeks after the three-month period had expired, notwithstanding her admission that she understood enrollment to be a prerequisite to coverage. Similarly, Partsinevelos failed to produce any evidence to support her assertion that she would have applied for coverage but for Tropical's alleged failure to provide her with enrollment forms. On the contrary, the record indicates that she did not ask for forms or inquire about obtaining insurance until after she became ill. Lastly, [*5] Partsinevelos failed to offer any evidence sufficient to create a triable issue of fact over whether Tropical terminated her employment because she made inquiries regarding coverage after she was hospitalized.

The judgment of the District Court is AFFIRMED.

    Service: **Get by LEXSEE®**
   Citation: **2003 us app lexis 22281**
      View: Full
Date/Time: Monday, December 22, 2003 - 9:44 AM EST

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.