UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN B. COAN, Individually and on behalf of the K.L.C. Inc 401(k) Profit Sharing Plan, | : : : | CIVIL ACTION NO. 3:01CV1737 (MJK) |
| Plaintiffs, | : : | |
| v. | : : | |
| ALAN H. KAUFMAN, ET AL., Defendants. | : : | JANUARY 8, 2004 |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SUBSTITUTE MOTION TO PRECLUDE THE AFFIDAVIT OF EDGAR LEE

### INTRODUCTION

The Defendants, Alan H. Kaufman and Edgar W. Lee (the "Defendants") submit this Memorandum in opposition to plaintiff's December 8, 2003 Substitute Motion to Preclude the Affidavit of Edgar Lee.[1]  The Plaintiff's motion must fail because the effort to preclude the Affidavit from consideration lacks foundation in the law, and is derived from a misapprehension of the role played by the Affidavit at this stage in the proceedings.

---

[1] Notably, Plaintiff has failed to specify any Federal Rule of Civil Procedure authorizing, or underlying, this Motion to Preclude.  The proper procedural vehicle for challenging an affidavit included as support for a summary judgment motion is a motion to strike pursuant to FRCP 12(f).  See, e.g., Steinberg v. Obstetrics-Gynecological & Infertility Group, P.C., et al., 260 F. Supp. 2d 492 (D.Conn. 2003) (denying motion to strike affidavit filed in opposition to motion for summary judgment); Owens-Corning Fiberglas Corp. v. U.S. Air, 853 F. Supp. 656, 662 (E.D.N.Y 1994) (denying motion to strike affidavit filed in support of motion for summary judgment).  Rule 12(f) specifies that the motion to strike must be filed *before* responding to the pleading.  Plaintiff failed to comply with this requirement when the self-styled Motion to Preclude was filed in tandem with Plaintiff's opposition to Defendants' summary judgment motion on December 10, 2003.

Plaintiff Karen B. Coan (the "Plaintiff") is a former KLC employee and a former participant in KLC's 401k Plan ( "the KLC Plan").  Defendants were the owners, president and vice-president of KLC, Inc., and the co-trustees of the KLC Plan.  In this action, Plaintiff claims (purportedly on behalf of herself as well as the KLC Plan) that Kaufman and Lee violated their fiduciary duties as trustees of the KLC Plan by making imprudent investment decisions.

Defendant Edgar Lee died of brain cancer on June 24, 2003.  Plaintiff deposed Lee on April 10, 2003.  Before he died, Lee executed an affidavit pertaining to the instant litigation (the "Affidavit"), in which he is accused of having breached fiduciary obligations imposed by ERISA.  (See Affidavit attached hereto as Exhibit A.)  Defendants produced the Affidavit to Plaintiff on August 14, 2003, at which time Defendants advised Plaintiff of their intention to submit the Affidavit in support of their summary judgment motion.  (See Letter attached hereto as Exhibit B.)  The Affidavit was, in fact, ultimately submitted in support of Defendants' October 15, 2003 Motion for Summary Judgment, now pending before this Court.

In this Motion to Preclude, Plaintiff seeks to foreclose Defendants from using the Affidavit – an authentic, sworn statement of the deceased Defendant – as part of their summary judgment motion.  Plaintiff's baseless effort to silence the posthumous voice of a party she continues to pursue legally must not be allowed to stand.

**ARGUMENT**

**A.** **The Affidavit is Admissible Pursuant to FRCP 56(e)**

The Affidavit's submission in support of Defendants' summary judgment motion is wholly compliant with Rule 56, which expressly provides for the use of affidavits in support of summary judgment motions, or oppositions thereto.  Plaintiff's assertion that the Affidavit must

-2-

be precluded under Rule 56(e) because Lee is unavailable to testify, is a simplistic misrepresentation of the role played by the Affidavits at this summary judgment stage.

Rule 56(e) provides, in relevant part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Plaintiff argues that Rule 56(e)'s requirement that the affiant be "competent to testify to the matters stated therein" forecloses the ability of this Court to consider the Affidavit at the summary judgment stage because Lee will not be available at trial to testify to the Affidavit's contents, so the Affidavit would be objectionable hearsay at trial. In support of this proposition, Plaintiff has cited one unreported, non-binding decision. Reinhardt v. Key Risk Management, Inc., Civil Action No. 3:00-1779-N, 2003 U.S. Dist. LEXIS 1727 (N.D. Tex. Feb. 6, 2003).

Plaintiff's argument leads to absurd and incongruous results. Rule 56(e) requires that the affiant, at the time he makes and executes the affidavit "show affirmatively that [he] is competent to testify to the matters stated therein." The rule does not require that the affiant also make an affirmative showing at the time that he will be competent to testify at trial. Indeed, no affiant can demonstrate that he will be competent to testify at some point in the future. Furthermore, under the Federal Rules of Evidence, an affidavit can virtually never mutate into inadmissible hearsay by the death of the affiant. In fact, quite the opposite may well be the case. See Fed. R. Evid. 804(b) (listing four categories of statements that become admissible if the author dies.) In fact, the Second Circuit has recently ruled that a written statement of a deceased individual was admissible under the residual hearsay exception. See, e.g., Steinberg v. Obstetrics-Gynecological & Infertility Group, P.C., et al., 260 F. Supp. 2d 492 (D.Conn. 2003) (allowing unsworn statement of deceased attorney to be included in summary judgment opposition despite the attorney dying prior to resolution of the motion pursuant to FRCP 807.)

Contrary to Plaintiff's assertions, it is well established that Rule 56 imparts a great deal of flexibility on the part of the parties and the Court at the summary judgment stage.  See <u>Cockfield v. United Techs. Corp.</u>, No. 3:00cv564(JBA), 2003 U.S. Dist. LEXIS 18040 (D. Conn. 2003) (citing 10A Wright, Miller, and Kane, Federal Practice and Procedure: Civil 3d § 2722, at 360-61 (1998 & Supp. 2003)("Federal Practice")("The court and the parties have great flexibility with regard to the evidence that may be used on a Rule 56 proceeding. ... The particular forms of evidence mentioned in the rule are not the exclusive means of presenting evidence on a Rule 56 motion.")

In this case, the Defendants' pending summary judgment motion is centered on threshold legal arguments that do not touch on the Affidavit's contents.  Accordingly, the Affidavit serves to aid this Court in attaining a full picture of the factual backdrop of this case, but does not prejudice the plaintiff at all.  Indeed, the Plaintiff cannot, and has not, contended that she suffers any prejudice as a result of the inclusion of the Affidavit with the pending motion for summary judgment.

### B.      <u>The Affidavit Is Neither Contradictory of Prior Testimony Or Superfluous</u>

The Affidavit does not contradict the deposition testimony of Lee, and cannot be considered "superfluous."  As Plaintiff's utter lack of legal authority evidences, there is no basis for the preclusion of the Affidavit on the grounds that its contents are "superfluous" or "contradictory" at the summary judgment stage.  Plaintiff's allusion to the "sham affidavit" doctrine is inapplicable.  This doctrine applies to situations in which a party seeks to *create* a genuine issue of material fact at the summary judgment stage by presenting an affidavit that contradicts, or offsets, prior deposition testimony or other admissions.  See <u>e.g.</u>, <u>United States v. Dercacz</u>, 530 F. Supp. 1348 (E.D.N.Y. 1982).  Defendants have not made use of the Affidavit in

an effort to create an issue of material fact, and so the Affidavit is not subject to the "sham affidavit doctrine." Indeed, it is the summary judgment motion of the *affiant* that urges this Court to rule there is no genuine issue of material fact at issue. Furthermore, Defendants' motion for summary judgment is concerned with threshold, substantive legal determinations that bear no relationship to the factual matters contained in the Affidavit. As such, this Court has not been called upon to approach a credibility determination at for the purpose of rendering a decision on the pending summary judgment motion.

Furthermore, even if the "sham affidavit doctrine" were somehow deemed applicable, Plaintiff has not pointed to one instance in which the Affidavit's representations actually contradict Lee's deposition testimony. The "contradiction" Plaintiff complains of is that the Affidavit adds facts to the record, and elaborates on answers given by Lee during his deposition. "Contradiction" is defined as "a proposition, statement, or phrase that asserts or implies both the truth and falsity of something"… "a situation in which inherent factors, actions, or propositions are inconsistent or contrary to one another." Merriam-Webster Online, http://www.m-w.com/home.htm, last visited Jan. 7, 2004. The issues of which Plaintiff complains – addition of testimony and facts, elaboration or supplementation of deposition testimony – are simply not contradictions evocative of the "sham affidavit" doctrine. The Affidavit does not purport to raise matters novel to this litigation, but merely to explain certain aspects of the affiant's deposition testimony. The Affidavit is not inherently inconsistent with Lee's deposition testimony.[2]

Plaintiff also claims that to the extent the Affidavit is not contradictory of prior testimony, that it is "superfluous." There is no practical distinction between the use of the terms

---

[2] Despite the existence of the judicially created "sham affidavit doctrine," such an affidavit was allowed by the Fifth Circuit in support of an opposition to a summary judgment

"contradictory" and "superfluous" in Plaintiff's brief, and so Defendants decline to provide the Court with arguments in addition to those presented above.

## CONCLUSION

For the reasons set forth above, defendants Alan Kaufman and Edgar Lee respectfully request that this Court deny Plaintiff's Substitute Motion to Preclude the Affidavit of Edgar Lee.

                                DEFENDANTS,
                                ALAN H. KAUFMAN and EDGAR W. LEE

                                By_____
                                    Glenn W. Dowd (ct# 12847)
                                    Daniel A. Schwartz (ct# 15823)
                                    Kristin Thomas (ct#24578)
                                    Day, Berry & Howard LLP
                                    CityPlace I, 185 Asylum Street
                                    Hartford, CT  06103-3499
                                    (860) 275-0100
                                    (860) 275-0343 (fax)
                                    email:  gwdowd@dbh.com
                                                daschwartz@dbh.com
                                                kthomas@dbh.com

---

motion, submitted in an effort to create a genuine issue of material fact.  See Kennett-Murray Corp. v. Bone, 622 F.2d 887 (5th Cir. 1980).

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing has been sent this date via first-class mail, postage prepaid, to:

| | |
|---|---|
| Thomas G. Moukawsher<br>Moukawsher & Walsh LLC<br>328 Mitchell Street<br>P. O. Box 966<br>Groton, CT 06340 | Ian O. Smith<br>Moukawsher & Walsh LLC<br>21 Oak Street, Suite 100<br>Hartford, CT  06106 |

_____

Glenn W. Dowd