UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN B. COAN, Individually and on behalf of the K.L.C. Inc 401(k) Profit Sharing Plan, | : CIVIL ACTION NO. : 3:01CV1737 (MRK) |
| Plaintiffs, | : |
| v. | : |
| ALAN H. KAUFMAN, ET AL., Defendants. | : : APRIL 2, 2004 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

The following is the Defendants' response to various cases presented in Court, but not briefed, by the Plaintiff during oral argument on the Defendants' Motion for Summary Judgment on March 30, 2004:

***Kuper v. Iovenko, et al., 66 F. 3d 1447 (6th Cir. 1995):*** Coan presented Kuper to the Court suggesting it demonstrated that a claim for breach of fiduciary duty under Section 502(a)(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") need not be brought as a class action but, instead, could proceed on a "derivative" basis. Kuper says no such thing. The Sixth Circuit ruled on the defendant-fiduciaries' argument that the plaintiffs' failure to include *all* plan beneficiaries as F.R.C.P Rule 23 class members was fatal to their Section 502(a)(2) claims, because any recovery under this theory must go to the plan as a whole. Kuper, 66 F.3d at 1452-53. Finding that the F.R.C.P Rule 23 subclass certified by the plaintiffs may sue for a breach of fiduciary duty because "the ruling the plaintiffs seek would benefit the plan as a whole," the court allowed the claim to stand. Id. at 1453. Unlike the present case, the Kuper

plaintiffs did, in fact, certify a class action under F.R.C.P. 23 and proceeded in an orderly, procedurally correct manner to vindicate their claims. It is difficult to see how Kuper supports Coan's position that she should be allowed to proceed on a "derivative" basis simply by asserting her intention to do so, and without any regard whatsoever to F.R.C.P. Rule 23.

**Montgomery v. Aetna Plywood, Inc. et al., 1996 U.S. Dist. LEXIS 4869 (N.D. Ill. 1996):** Coan presented this case to the Court arguing that it supported its proposition that an ERISA Section 502(a)(2) claim can be brought in a "derivative" capacity, without resort to F.R.C.P. 23. Montgomery involved a class action filed by participants alleging fiduciary misconduct in connection with a existing plan. The Court noted that "the Seventh Circuit has held that this type of action [ERISA Section 502(a)(2)] should be pursued as either a class action or derivative action...." Id. at *10. The Court went on to review derivative litigation requirements under Rule 23.1 or 23.2 before concluding that "[s]ince class certification is found to be appropriate, it is unnecessary to consider whether the case could otherwise be pursued as a derivative action." Id. at *12. It is entirely unclear how Coan seeks to draw any helpful insights from this case, since she herself decided not to seek class certification under Rule 23 or derivative status under rule 23.1 or 23.2.

**Mathews v. Chevron Corp., No. 02-15936 (9th Cir. 2004):** Coan referenced this case to support her proposition that the damages she seeks for the defendants' alleged fiduciary breaches are recoverable under ERISA § 502(a)(3). The appropriate analysis for Mathews is similar to the analysis presented previously in connection with Coan's attempt to invoke Varity Corp. v. Howe, 516 U.S. 489 (1996). In Mathews, the Ninth Circuit held that the equitable relief crafted by the lower court – namely, reinstating the plaintiffs into an existing plan – was permissible under ERISA § 502(a)(3) in the wake of Great-West Life Ins. Co. v. Knudson, 534 U.S. 204 (2002).

-2-

This situation clearly has no parallels to this case, since the KLC Plan at issue has not existed since 2001, and reinstatement is therefore impossible. The concept of reinstatement is difficult to understand in the context of Coan's claims, since she clearly seeks damages for a fiduciary breach – not plan benefits. Moreover, the Ninth Circuit noted in Mathews that the claimants in question would not automatically qualify for benefits under the Chevron plan, but rather had to meet other requirements to do so. Mathews, at 3754-55. The only way Coan can achieve the recovery she seeks is by a Court order to the defendants directing them to pay their own money, which admittedly has *not* been generated by any wrongdoing on their part -- precisely the result forbidden by Great-West. See 534 U.S. 204, 214 (2002) (Where the claim is "not that the respondents hold the particular funds that, in good conscience, belong to petitioners," no action can lie under ERISA § 502(a)(3)).

**Pineiro v. Pension Benefit Guaranty Corporation, 1997 U.S. Dist LEXIS 18810 (S.D.N.Y. 1997):** Coan invoked Pineiro at oral argument to establish that a participant in a terminated employee pension benefit plan who has received all plan benefits retains standing to bring suit under ERISA § 502(a). Pineiro, however, involves a breach of fiduciary duty claim against the Pension Benefit Guaranty Corporation (the "PBGC") which must be brought under an *entirely different civil enforcement scheme from §502(a)*. See Pineiro, 1997 U.S. Dist LEXIS at *22 ("Plaintiffs bring their action pursuant to 29 U.S.C. § 1303(f)...."). Accordingly, this case has no applicability whatsoever to Coan's standing to pursue her claims under ERISA § 502(a).

The defendants have, as the Court requested, restricted their comments in this Supplemental Memorandum to issues raised specifically by the cases presented in Court on

March 30, 2004. The defendants respectfully request that the plaintiff be denied permission to file a response to this memorandum.

DEFENDANTS,
ALAN H. KAUFMAN and EDGAR W. LEE

By _____
Glenn W. Dowd (ct# 12847)
Daniel A. Schwartz (ct# 15823)
Kristin Thomas (ct#24578)
Day, Berry & Howard LLP
CityPlace I, 185 Asylum Street
Hartford, CT 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
email: gwdowd@dbh.com
daschwartz@dbh.com
kthomas@dbh.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing has been sent this date via first-class mail, postage prepaid, to:

Thomas G. Moukawsher            Ian O. Smith
Moukawsher & Walsh LLC          Moukawsher & Walsh LLC
328 Mitchell Street             21 Oak Street, Suite 100
P. O. Box 966                   Hartford, CT 06106
Groton, CT 06340

_____
Glenn W. Dowd