# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

KAREN B. COAN, Individually          :          NO.3:01CV1737(MRK)
and on behalf of the K.L.C. Inc.     :
401(k) Profit Sharing Plan           :
                                     :
        Plaintiffs,          :
                                     :
   v.                          :
                                     :
ALAN H. KAUFMAN, ET AL.              :
                                     :
        Defendants.           :          September 14, 2004

## MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT

### INTRODUCTION

The plaintiff Karen Coan moves under Local Rule of Civil Procedure 7 (c) for the Court to reconsider its summary judgment decision. Kaufman and Lee asked the Court to grant them summary judgment because Coan never asked the Court to certify this case as a class action. Coan claimed her suit under ERISA §502 (a)(2) is a species of derivative action and didn't need to be certified as a class action. In a reply brief, the defendants Alan H. Kaufman and Edgar W. Lee claimed the Court should grant them summary judgment anyway because Coan didn't comply with Federal Rule of Civil Procedure 23.1's requirements for shareholders who bring derivative actions against corporations. At oral argument, Coan claimed Rule 23.1 doesn't apply to suits brought under ERISA §502 (a)(2),

but the Court agreed with Kaufman and Lee and granted them summary judgment.

Its Memorandum of Decision is dated August 31, 2004.

## WHY THE COURT SHOULD RECONSIDER SUMMARY JUDGMENT

Coan believes the Court should reconsider its decision in light of two cases the Court did not consider in its Memorandum of Decision: (1) the Ninth Circuit's 1995 ruling in *Kayes v. Pacific Lumber*[1] and (2) the Southern District of Ohio's August 10, 2004 ruling in *In re AEP ERISA Litigation*[2]. The *Kayes* Court held that an ERISA §502 (a)(2) case *may* be brought as a class action but when brought as a derivative action it doesn't need to comply with Rule 23.1:

> In so concluding, the district court erred in its determination that this action is a "derivative" one which must be brought under Fed. R. Civ. P. 23.1. Although this suit may be characterized as "derivative" in the broad sense, it clearly does not fall within the terms of Rule 23.1. That rule applies only to derivative actions "brought by one or more *shareholders* or *members* to enforce a right of a *corporation* or of an *unincorporated association*." (emphasis added). Plaintiffs here are not suing as "shareholders" or "members" to enforce the right of any "corporation" or "unincorporated association." Rather, they are suing as plan beneficiaries to enforce the right of the plan against its fiduciaries. When a trust beneficiary brings a derivative suit on behalf of a trust, "the specific provisions of Rule 23.1 are not controlling." Charles A. Wright, *Law of Federal Courts* § 73 at 525 (5th ed. 1994).
>
> As the Supreme Court made clear in *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 535 n.11, 78 L. Ed. 2d 645, 104 S. Ct. 831 (1984), not every "derivative" action falls under Rule 23.1. Rule 23.1 applies only to a narrow class of derivative suits: those brought by shareholders or

---

[1] 51 F.3d 1449 (9th Cir. 1995)(Exhibit 1).
[2] 327 F. Supp. 2d 812 (D. Ohio, 2004); 2004 U.S. Dist. LEXIS 15584 (D. Ohio, August 10, 2004)(Exhibit 2).

members of a corporation or unincorporated association to vindicate a right which may properly be asserted by that corporation or association. *See, e.g., id.* at 535 (refusing to apply Rule 23.1 where the shareholder plaintiff suing on behalf of the corporation sought to assert a right which could not properly be asserted by the corporation).

The Federal Rules of Civil Procedure single out the specific type of derivative action described in Rule 23.1 because the law has historically been particularly wary of allowing *shareholders* to sue on their *corporation's* behalf. Because of the fear that shareholder derivative suits could subvert the basic principle of management control over corporate operations, courts have generally characterized shareholder derivative suits as "a remedy of last resort." *Renfro v. FDIC,* 773 F.2d 657, 658 (5th Cir. 1985).

Moreover, the law has generally imposed an intracorporate exhaustion requirement on plaintiffs in such cases. *See, e.g., Hawes v. City of Oakland,* 104 U.S. 450, 460-61, 26 L. Ed. 827 (1881). This requirement is reflected in Rule 23.1, which directs the shareholder plaintiff to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." n10

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n10 However, Rule 23.1 itself imposes only a *pleading* requirement. It does not create any requirement that the plaintiff actually make a demand on the board or shareholders. The question whether a demand requirement exists depends on the applicable substantive law. *See Kamen v. Kemper Fin. Servs.,* 500 U.S. 90, 97, 114 L. Ed. 2d 152, 111 S. Ct. 1711 (1991).

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Neither the text of Rule 23.1 nor the concerns that motivate its separate treatment for shareholder derivative actions apply here, for the plaintiffs are not "shareholders" suing on behalf of a "corporation." Accordingly, we conclude that the district court erred

in requiring the plaintiffs to file an amended complaint complying with that rule.[3]

On August 10, 2004, the Southern District of Ohio adopted the *Kayes* Court ruling

in *In re AEP ERISA Litigation*:

> In their Reply, Defendants do not contest these arguments, but they argue for the first time that Plaintiffs must meet the requirements of Federal Rule of Civil Procedure 23.1, but Plaintiffs have failed to do so. According to Defendants, "in order to bring a claim derivatively on behalf of an entity, a plaintiff must comply with the requirements for derivative suits set forth in Rule 23.1."

> A review of Rule 23.1, however, reveals that Defendants overstate the applicable proposition of law. Rule 23.1 is very specific; it reads:

>> In a derivative action brought by one or more shareholders or members *to enforce a right of a corporation or of an unincorporated association,* the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege ...

> Fed. R. Civ. P. 23.1 (emphasis added). Clearly, the Rule does not apply to *all* derivative suits, as Defendants suggest. The Supreme Court so held in *Daily Income Fund, Inc. v. Fox,* 464 U.S. 523, 535 n. 11, 78 L. Ed. 2d 645, 104 S. Ct. 831 (1984), stating that, "the fact that derivative suits are brought on behalf of a corporation does not mean, however, that all suits brought on behalf of a corporation are derivative." Other courts, likewise, have rejected Defendants' argument and clarified that:

>> although this suit may be characterized as "derivative" in the broad sense, it clearly does not fall within the terms of Rule 23.1 ... [Plaintiffs] are suing as plan beneficiaries to enforce the right of the plan against its fiduciaries.

---

[3] 51 F.3d 1449, 1462-3.

When a trust beneficiary brings a derivative suit on behalf of a trust, "the specific provisions of Rule 23.1 are not controlling."

_Kayes v. Pacific Lumber Co.,_ 51 F.3d 1449, 1462-1463 (9th Cir. 1995), quoting CHARLES A. WRIGHT, LAW OF FEDERAL COURTS § 73, at 525 (5th ed. 1994). This Court agrees. Plaintiffs do not have to meet the requirements of Rule 23.1.[4]

Because Kaufman and Lee first claimed Coan had to comply with Rule 23.1 in a short parenthetical in a reply brief, Coan never had a chance to brief the issue of whether Rule 23.1 applies when a plaintiff makes an ERISA §502 (a)(2) claim.[5] Still, Coan thinks _Kayes_ and _In re AEP ERISA Litigation_ interpreted the Rule correctly and that she didn't have to comply with it when she brought her claim under ERISA §502 (a)(2). This doesn't mean Coan thinks she was free to ignore other plan participants' interests. Coan has always agreed with the Court that, if she wins, she will have to propose a way for other participants to get their share of the recovery.[6] But when Kaufman and Lee moved for summary judgment this prospect was a long way off, and it's farther off now. Even if the Court reconsiders and reverses its ruling, the Court would have to decide whether Kaufman and Lee breached their fiduciary duties before the issue of paying other plan participants would arise. If the Court decided Kaufman and Lee breached their fiduciary duties, the issue would still not arise because the Court would first have to determine if the

---

[4] 327 F. Supp. 2d at __; 2004 U.S. Dist. LEXIS 15584 at 13-15.
[5] Defendant's Reply in Support of Their Motion for Summary Judgment at 6.
[6] _See_ Plaintiff's Substitute Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at 45 n.13 (where Coan discusses reviving the plan).

plan lost money because of the breach. The only time a way to distribute the recovery would matter would be if the Court decided Kaufman and Lee breached their fiduciary duties and that their breach cost the plan money.  If the Court ultimately decided this happened, Coan would ask – as she did in her complaint and her opposition brief – for a recovery to a revived 401 (k) Plan that could then distribute the extra money to the plan participants proportionally.[7]  At this stage neither side has briefed the details about how to structure relief for an ERISA §502 (a)(2) claim, but this isn't the place to do it anyway. So far as it affects her ERISA §502 (a)(2) claim, the Court said she couldn't bring a derivative claim because she failed to comply with Rule 23.1.  All Coan asks the Court for here is to reconsider this ruling in light of *Kayes* and *In re AEP ERISA Litigation*.

## CONCLUSION

Coan asks the Court to reconsider its decision to grant a summary judgment to Kaufman and Lee because of Coan's noncompliance with Rule 23.1. She asks that the Court hold instead that Rule 23.1 doesn't apply to cases brought under ERISA §502 (a)(2), and that Kaufman and Lee may not have summary judgment.

---

[7] Coan's Section 502 (a)(2) claim for relief asks for damages or restitution to be paid to the plan and/or participants.  Complaint at 5, Prayer for Relief ¶¶1,2.  Coan explained how the plan could be revived on page 54, footnote 13 of her substitute opposition brief.

PLAINTIFF: Karen B. Coan


BY: ___/s/ Thomas G. Moukawsher___
Thomas G. Moukawsher (ct08940)
Ian O. Smith (ct24135)
Moukawsher & Walsh, LLC
21 Oak Street; Suite 209
Hartford, CT 06106
(860) 278-7000

# **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed on this date to

the following counsel of record:

> Glenn W. Dowd, Esquire
> Day, Berry & Howard, LLP
> CityPlace I
> 185 Asylum Street
> Hartford, CT 06103-3499


Date: September 14, 2004                    /s/ Thomas G. Moukawsher
                                           Thomas G. Moukawsher