**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KAREN B. COAN, Individually and on behalf | : | CIVIL ACTION NO. |
| of the K.L.C. Inc 401(k) Profit Sharing Plan, | : | 3:01CV1737 (MRK) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ALAN H. KAUFMAN, ET AL., | : | |
| | : | |
| Defendants. | : | SEPTEMBER 22, 2004 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR RECONSIDERATION INTRODUCTION**

Plaintiff Karen Coan ("Plaintiff") brought this lawsuit against defendants Alan Kaufman

and Edgar Lee ("Defendants"), claiming that Defendants breached their fiduciary duty under

ERISA with respect to a profit-sharing plan (the "Plan") from which she received a full

distribution prior to its termination and the subsequent end of her employment.  On August 30,

2004, this Court granted summary judgment to Defendants and dismissed Plaintiff's complaint,

ruling in part that (1) she was not permitted to bring a claim for individual relief under §

502(a)(2) of ERISA; and (2) her complaint was in fact one for individual relief, such that her

§502(a)(2) claim was barred.  See August 30, 2004 Memorandum of Decision ("Mem. Dec.") at

15-17.

Plaintiff has now moved for reconsideration, claiming that the Court erroneously imposed

inapplicable pleading requirements under Fed. R. Civ. P. 23.1 to dismiss her claim.  However,

both Plaintiff's legal argument and her construction of the Court's ruling are seriously

misguided, and her motion for reconsideration should be denied.

## ANALYSIS

In her Opposition, Plaintiff claimed that the Court "granted summary judgment to Kaufman and Lee because of Coan's noncompliance with Rule 23.1." (Pl's. Opp'n at 6.)  This assertion is wrong.  While the Court did point out that Plaintiff had failed to comply with Rule 23.1, the problem with her complaint was much broader and more significant:

> Ms. Coan has not joined other plan participants, moved to certify a class of participants, taken the necessary steps to assert a derivative suit against Defendants, or otherwise invoked *any* procedural device to ensure that the interests of absent former participants are protected and that any potential recovery would inure to their benefit . . .

Mem. Dec. at 17 (emphasis added).  In other words, as the Court clearly recognized, it was not Plaintiff's failure to comply with Rule 23.1 that was fatal to her claim.  It was her failure to comply with Rule 23; or in the alternative to comply with Rule 23.1; or in the alternative to comply with Rule 19 (governing joinder of other necessary parties); or in the alternative to do anything to demonstrate that her action actually was intended to benefit former plan participants other than Karen Coan, that rendered specious Plaintiff's claim to be acting "on behalf of" others.

The two cases upon which Plaintiff relies in her motion – neither of which is from the Second Circuit – merely underscore the point that, in order to obtain relief on a purportedly derivative theory, a plaintiff must take some action to protect the interests of other former participants.  In Kayes v. Pacific Lumber, 51 F.3d 1449 (9th Cir. 1995), the plaintiffs had sought to proceed as a class action under Fed. R. Civ. P. 23 in their derivative suit against the fiduciaries of a pension plan.  Id. at 1454.  The district court had denied class certification, holding instead that the plaintiffs had to proceed under R. 23.1.  Id.  The Ninth Circuit reversed, holding that the district court had erred not in requiring the plaintiffs to proceed in some fashion as a class, but in

denying their motion for class certification under Rule 23 and instead requiring them to adhere to

the specific requirements of Rule 23.1:

> Although this suit may be characterized as "derivative" in the broad sense, it
> clearly does not fall within the terms of Rule 23.1.  . . . As the Supreme Court
> made clear . . . , not every "derivative" action falls under Rule 23.1.

Id. at 1462-63 (citation and internal quotations omitted).  The Ninth Circuit clearly recognized

that the action had to proceed as a class – just not one with the additional requirements of Rule

23.1 superimposed on the general requirements of Rule 23.  Id.

Similarly, in re AEP ERISA Litigation, 327 F. Supp.2d 812, 2004 U.S. Dist. Lexis 15584

(S.D. Ohio 2004), the litigation in question was proceeding as a class action; the only question

was whether the plaintiffs additionally had to comply with Rule 23.1 as well as with the

requirements of Rule 23.  Id. at *3.  The court certainly did not suggest that the plaintiffs had no

obligation to ensure protection for other plan participants.  As this Court recognized, such a

suggestion would be ludicrous.

Simply put, Plaintiff can offer no authority supporting the proposition that her obligations

as a representative of the former plan were satisfied by her styling the complaint as one "on

behalf of" the plan.  The Court correctly found that her failure to take steps to protect other

former plan participants negated any claim that she was acting on their behalf or with a concern

for their interests, and that this failure rendered her claim one for individual relief.  As even

Plaintiff does not contest, Supreme Court law absolutely precludes such a claim.  See Mem. Dec.

at 15 (citing cases).  Because Plaintiff has offered no basis for reconsideration other than a

stilted, inaccurate reading of this Court's ruling and a distorted analysis of two inapposite cases,

this Court should deny her motion.

-4-

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court enter an

Order (1) denying Plaintiff's motion for reconsideration and (2) granting such other and further

relief as the Court deems just and proper.

DEFENDANTS,
ALAN H. KAUFMAN and EDGAR W. LEE


By_____
     Glenn W. Dowd (ct# 12847)
     Daniel A. Schwartz (ct# 15823)
     Kristin Thomas (ct#24578)
     Day, Berry & Howard LLP
     CityPlace I, 185 Asylum Street
     Hartford, CT  06103-3499
     (860) 275-0100
     (860) 275-0343 (fax)
     email:  gwdowd@dbh.com
            daschwartz@dbh.com
            kthomas@dbh.com

-5-

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing has been sent this 22nd day of September via first-class mail, postage prepaid, to:

Thomas G. Moukawsher                    Ian O. Smith
Moukawsher & Walsh LLC                  Moukawsher & Walsh LLC
328 Mitchell Street                     21 Oak Street, Suite 100
P. O. Box 966                           Hartford, CT  06106
Groton, CT 06340


_____

Glenn W. Dowd