UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN B. COAN, Individually and on behalf of the K.L.C. Inc. 401(k) Profit Sharing Plan | : : : : | NO.3:01CV1737(MRK) |
| Plaintiffs, | : : | |
| v. | : : | |
| ALAN H. KAUFMAN, ET AL. | : : | |
| Defendants. | : | September 24, 2004 |

**REPLY MEMORANDUM OF LAW SUPPORTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT**

Plaintiffs suing under ERISA §502 (a)(2) do not have to join every plan participant, seek to certify a class action or comply with Fed. R. Civ. P. 23.1. Plaintiffs suing under ERISA §502 (a)(2) make claims derivative of an ERISA plan. Any benefits recovered go to the plan. Coan's complaint asks that the Court award money to the former KLC Plan. With the exception of arranging how to carry out any relief, Coan has done all she needs to.

Kaufman and Lee claim that Coan should have already taken "some action", and therefore the Court shouldn't reconsider its summary judgment decision. Opp. Br. at 2. But other than the relief-related action Coan described in her brief in support of reconsideration, what action should she have taken before now? Should she have moved for class action? Coan already demonstrated in her opposition

brief on summary judgment that the courts give her a choice between a class action and a derivative action.[1]  Should she have joined every plan participant?  Kaufman and Lee don't claim any court says she must, and  allowing Coan a derivative action would be pointless if ERISA still required her to join every plan participant to her suit.  Must she comply with Rule 23.1?  *Kayes v. Pacific Lumber*[2] and *In re AEP ERISA Litigation*[3] say she need not.  Nor do they say as Kaufman and Lee suggest that the plaintiffs in those cases *must* file their actions as class actions.  *Kayes* only said that §502 (a)(2) plaintiffs *may* bring a class action.[4]

There were only 31 participants in the KLC 401k Plan.[5]  Why should a §502 (a)(2) plaintiff bringing a derivative action for a small plan like this also seek to certify the matter as a class action?  Coan believes it would be pointless here so long as the relief goes back to and is distributed out of the plan in the manner she described in her opening brief.  Kaufman and Lee don't bother to address what Coan says about how a derivative action on behalf of the plan protects the plan participants; her explanation remains undisputed.

---

[1] Substitute Memo at 44 (citing  Bona v. Barasch, 2003 U.S. Dist. LEXIS 4186 26-27 (S.D.N.Y. March 20, 2003)(noting "a section 502(a)(2) action by a beneficiary 'should be pursued as *either* a class action *or* a derivative action….")(quoting Montgomery v. Aetna Plywood, Inc., 1996 U.S. Dist LEXIS 4869, 1996 WL 189347 at *3 (N.D. Ill. April 16, 1996))
[2] 51 F.3d 1449 (9th Cir. 1995)(Exhibit 1).
[3] 327 F. Supp. 2d 812 (D. Ohio, 2004); 2004 U.S. Dist. LEXIS 15584 (D. Ohio, August 10, 2004)(Exhibit 2).
[4] 51 F.3d at 1462-63.
[5] Exhibit "A" (List of Participants).

Kaufman and Lee haven't demonstrated Coan omitted to meet any condition precedent to her brining a §502 (a)(2). Accordingly, the Court should reconsider and reverse its ruling on summary judgment.

                                              PLAINTIFF: Karen B. Coan

                                              BY:   /s/ Thomas G. Moukawsher
                                              Thomas G. Moukawsher (ct08940)
                                              Ian O. Smith (ct24135)
                                              Moukawsher & Walsh, LLC
                                              21 Oak Street; Suite 209
                                              Hartford, CT 06106
                                              (860) 278-7000

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this date to the following counsel of record:

>Glenn W. Dowd, Esquire
>Day, Berry & Howard, LLP
>CityPlace I
>185 Asylum Street
>Hartford, CT 06103-3499

Date: September 24, 2004            /s/ Thomas G. Moukawsher
                                    Thomas G. Moukawsher