UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN B. COAN, Individually and on behalf of the K.L.C. Inc. 401(k) Profit Sharing Plan, | : : : : |
| Plaintiffs, | : : |
| v. | :   NO. 3:01CV1737(MRK) |
| ALAN H. KAUFMAN, ET AL., | : : : |
| Defendants. | : |

## RULING AND ORDER

Currently pending before the Court is Plaintiff's Motion for Reconsideration [doc. # 80].[1] In her motion, Plaintiff asks the Court to reconsider its Decision in light of two decisions that Plaintiff neglected to bring to the Court's attention before its ruling: *Kayes v. Pacific Lumber*, 51 F.3d 1449 (9th Cir. 1995); and *In re AEP ERISA Litigation*, 327 F. Supp. 2d 812 (S.D. Ohio 2004).[2] Both parties filed briefs on the motion and the Court held an on-the-record telephonic

---

[1] Plaintiff filed a Notice of Appeal on September 22, 2004 [doc. #86]. This filing does not divest this Court of jurisdiction to rule on Plaintiff's Motion for Reconsideration. Instead, the notice of appeal is held in abeyance until the motion for reconsideration is resolved. *See* Fed. R. App. P. 4(a)(4)(B); *Hodge v. Hodge*, 269 F.3d 155, 157 n.4 (2d Cir. 2001).

[2] Plaintiff seeks to excuse her failure to bring these decisions to the Court's attention on the ground that she "never had a chance to brief the issue of whether Rule 23.1 applies when a plaintiff makes an ERISA § 502(a)(2) claim" because Defendants raised this issue in a "short parenthetical in a reply brief." Mem. of Law Supp. Pl.'s Mot. For Recons. of Summ. J. ("Pl's. Recons. Brief") at 5 [doc. #81]. The Court finds Plaintiff's assertion somewhat disingenuous. Plaintiff had ample time to bring these cases to the attention of the Court both before and at oral argument; indeed, the issue of Plaintiff's need to comply with Rule 23.1 was explicitly addressed at length at oral argument, and Plaintiff's counsel handed the Court copies of several other decisions that counsel claimed were relevant to this precise issue. Plaintiff's counsel also could

argument on the motion on November 30, 2004.[3]  The Court GRANTS Plaintiff's Motion for Reconsideration [doc. #80] insofar as the Court has decided to reconsider its Decision in light of the authorities cited by Plaintiff.  However, having considered *Kayes* and *AEP* and the arguments of Plaintiff in her Motion and during oral argument, the Court declines to alter or vacate its Decision to grant Defendants' Motion for Summary Judgment.  That is, having reconsidered its Decision, the Court now reaffirms it.

The premise of Plaintiff's Motion for Reconsideration is that this Court granted summary judgment to Defendants on Plaintiff's ERISA § 502(a)(2) claim "because of [Plaintiff's] noncompliance with Rule 23.1" of the *Federal Rules of Civil Procedure*.  Pl.'s Recons. Brief at 6 [doc. #81].  Plaintiff, who has never claimed to have complied with Rule 23.1, asserts in her reconsideration motion that both *Kayes* and *AEP* stand for the proposition that plan beneficiaries who are suing in their representative capacities – and not their individual capacities – on behalf of a plan or plan participants need not comply with the specific requirements of Rule 23.1.  Those decisions state that "Rule 23.1 applies only to a narrow class of derivative suits: those brought by shareholders or members of a corporation or unincorporated association to vindicate a

---

have sought leave to file a post-argument brief, as Defendant did.  *See* Decision at 5 n.4.  It appears to the Court that this is a situation where a party's counsel discovered additional, *pre-existing* authority *after* the Court had issued its decision, a questionable basis – at best – for seeking reconsideration.  *See, e.g.*, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  During an on-the-record telephonic argument regarding the Motion for Reconsideration, Plaintiff's counsel represented to the Court that he discovered one of the decisions on the day after oral argument, leaving the Court to wonder why counsel did not immediately bring the decision to the attention of the Court.

[3]  At the close of the argument on the Motion for Reconsideration, the Court asked if either party wished to file any further briefs on the subject or bring any further authority to the Court's attention, and both parties said that they had nothing further to say on the subject.

right which may properly be asserted by that corporation or association." *Kayes*, 51 F.3d at 1463; *see also AEP*, 327 F. Supp. 2d at 821 (following *Kayes*).[4]

Having considered *Kayes* and *AEP* and the issue they raise at considerable length, the Court is not persuaded to alter its Decision for three reasons.  First, it is not clear to this Court that *Kayes* and *AEP* represent the law in the Second Circuit on the issue of whether a plaintiff pursuing a "derivative" action under ERISA must comply with Rule 23.1.  In *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270 (2d Cir. 1992), the Second Circuit held that "[a] suit for unpaid contributions under [ERISA] § 502(g)(2) is brought 'for or on behalf of a plan' and may only be maintained by an individual beneficiary derivatively. . . . Rule 23.1 is therefore applicable to derivative actions under § 502(g)(2)."  *Id*. at 287; *see also Diduck v. Kaszycki & Sons Contractors, Inc.*, 874 F.2d 912, 918 n.1 (2d Cir. 1989) (leaving the issue of compliance with Rule 23.1 to the district court on remand); *id*. at 923-24 (Van Graafeiland, J., dissenting) ("my colleagues and I agree that [plaintiff] is suing derivatively on behalf of the Funds. . . . [W]hen [plaintiff] attempts to leapfrog over nine trustees and assert a claim on their behalf against both the [third persons] and [the trustee], he disregards not only the provisions of rule 23.1 but also longstanding principles of trust law.").[5]  Inexplicably, neither party brought *Diduck*

---

[4] In addition to *AEP*, other courts have also followed *Kayes*, though Plaintiff neglected to bring those citations to the Court's attention.  *See, e.g.*, *Behling v. Russell*, 293 F. Supp. 2d 1178, 1180 (D. Mont. 2003); *Thompson v. Avondale Indus., Inc.*, No. Civ.A.99-3439, 2001 WL 1543497, at *1-*2 (E.D. La. Nov. 30, 2001).

[5] *Kayes* and *AEP* cite the Supreme Court's decision in *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 534 n.10 (1984) as support for their holding that the specific requirements of Rule 23.1 do not apply to ERISA derivative actions.  *See Kayes,* 51 F.3d at 1463; *AEP*, 327 F. Supp. 2d at 820-21.  However, *Diduck* was decided long after *Daily Income Fund*, and the Second Circuit was presumably well aware of that decision at the time the Second Circuit held that Rule 23.1's requirements apply to ERISA derivative actions.

to the Court's attention in connection with Plaintiff's Motion for Reconsideration.

It is certainly true that the Second Circuit's decision in *Diduck* has been overruled with respect to its preemption analysis. *See Gerosa v. Savasta & Co.*, 329 F.3d 317, 327 (2d Cir. 2003) ("Our preemption analysis in *Diduck*, however, is no longer consistent with prevailing Supreme Court precedent.") (citing *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995)). It has also been overruled with respect to its holding that a "federal common law right of action" existed "in favor of plan participants against non-fiduciaries." *See Gerosa* 329 F.3d at 321 ("In *Mertens*, the [Supreme] Court rejected the central holding of *Diduck*, finding that non-fiduciaries who knowingly participate in a fiduciary breach cannot be liable for ordinary money damages.") (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)). However, the portion of *Diduck* addressing the applicability of Rule 23.1 to derivative actions under ERISA appears to remain good law. *See Martinez v. Barasch*, NO. 01 CIV. 2289 (MBM), 2004 WL 1555191, at *7 (S.D.N.Y. July 12, 2004) (" 'Rule 23.1 is applicable to derivative actions under § 502(g)(2)' of ERISA because such an action 'is brought "for or on behalf of a plan" and may only be maintained by an individual beneficiary derivatively.' ") (quoting *Diduck*, 974 F.2d at 287); *Hartline v. Sheet Metal Workers' Nat'l Pension Fund*, 134 F. Supp. 2d 1, 22 (D.D.C. 2000) ("Because the plaintiffs' claim for unpaid contributions is on behalf of the plan . . . the court concludes that the plaintiffs' claim may properly be brought only as a derivative action and thus is subject to the requirements of Rule 23.1.") (citing *Diduck*, 974 F.2d at 287); *Dallas Cowboys Football Club v. National Football League*, No. 95CIV9426(SAS) 1996 WL 601705, at *3 (S.D.N.Y. 1996) (relying on *Diduck* ).

Plaintiff has never asserted that she complied with Rule 23.1 or that her noncompliance

4

should be excused (as in *Diduck*, for example).⁶  Instead, Plaintiff has steadfastly maintained that she was not required to comply with Rule 23.1, relying most recently on *Kayes* and *AEP*. However, since the Second Circuit has never retreated from *Diduck*'s holding that a plaintiff seeking to pursue a derivative action "for or on behalf of a plan" must comply with Rule 23.1 or be excused from doing so, this Court is obliged to follow *Diduck*, not *Kayes* or *AEP,* unless and until the Second Circuit says otherwise.

     Second, even if Plaintiff need not have complied with the specific provisions of Rule 23.1 – because, as Plaintiff argues and *Kayes* and *AEP* hold, those provisions apply only to a specific subset of derivative actions that does not include ERISA actions against plan fiduciaries – that would not necessarily mean (as Plaintiff asserts) that all she had to do to pursue her lawsuit as a derivative action was to label her lawsuit a "representative" action and seek relief on behalf of the plan.⁷  Indeed, the portion of Charles Alan Wright's treatise that is relied on in *Kayes* and *AEP* states explicitly that "[t]rust beneficiaries may bring claims derivatively on behalf of the trust *if the trustee refuses to bring them, and the same general principles will apply as in stockholders' suits,* but the specific provisions of Rule 23.1 are not controlling."  Charles A. Wright*, The Law of Federal Courts* § 73, at 525 (5th ed. 1994) (emphasis added)*.*  Thus, even if the specific provisions of Rule 23.1 were not controlling, Plaintiff still should have made at least some effort

---

    ⁶ Since Plaintiff has never argued that she should be excused from compliance with Rule 23.1's requirements (because, for example, a demand on the plan's trustees was futile and/or that she had otherwise satisfied the requirements of the rule) the Court has no occasion to address those issues in this case and expresses no view on that issue one way or the other.

    ⁷ Plaintiff's Complaint contains such a recitation.  *See* Complaint [doc. # 1] at 5, Prayer for Relief ("WHEREFORE, the plaintiff in her individual and representative capacity, prays for relief as follows: 1. Damages and/or restoration of losses to the 401k Plan and/or the participants and beneficiaries of the 401k Plan including Coan pursuant to ERISA § 502(a)(2) . . . ").

to comply with the "general principles" that apply in shareholder derivative actions.

While the Court understands full well that it should not erect unnecessary barriers to vindication of the rights Congress provided in ERISA, there is good reason to require the protections of Rule 23.1 or the "general principles that apply in stockholders' suits" when one plan participant seeks to sue "derivatively" on behalf of an ERISA plan (and indirectly, the plan's absent participants). For as the Second Circuit noted in its landmark decision in *Joy v. North*, 692 F.2d 880 (2d Cir. 1982), "[T]here is a danger in authorizing lawyers to bring actions on behalf of unconsulted groups." *Id.* at 887. Plaintiff contends that a district court can protect the plan and its absent participants in the process of fashioning any relief that is granted to the plan at the end of the case. That may be true, but fashioning relief at the end of the case does nothing to protect the plan or absent participants during the course of the litigation, or in any settlement that lawyers for the parties may enter into before the judgment is entered. Nor would it necessarily protect the plan from inconsistent results in multiple actions. Derivative suits, therefore, are rightly "subject to judicial findings of adequate representation of shareholders and approval of settlements." *Id*. at 889.[8]

As a consequence, even those courts that have acknowledged that Rule 23.1 might not precisely apply of its own force to ERISA derivative actions brought by plan participants have nonetheless applied the procedural safeguards of either Rule 23 or Rule 23.1 in order to protect

---

[8] Because of Plaintiff's position that neither Rule 23 nor 23.1 applied to her lawsuit, the Court was never called upon to determine whether Ms. Coan was an adequate representative of the plan or plan participants. While the court expresses no view on that issue, the Court does note that Ms. Coan's consultant work in connection with the termination of the plan and the distribution of plan assets (see Coan Dep. at 97-99, 111-16 [doc. #52]), might raise an issue as to the propriety of her representation of other plan participants.

the plan and absent participants. *See, e.g.*, *Thornton v. Evans*, 692 F.2d 1064, 1080 (7th Cir. 1983) (noting that although "ERISA does not provide an explicit answer" as to the procedural requirements when individual beneficiaries sue on behalf of the entire fund, the court applied the procedural safeguards of Rule 23 and 23.1 to a suit under ERISA against non-fiduciary parties for conspiracy with fiduciaries in violation of statutory trust obligations); *Montgomery v. Aetna Plywood, Inc.*, No. 95 C 3193, 1996 WL 189347, at *3-*4 (N.D. Ill. 1996) (citing *Thornton* and *Diduck* and noting that "as a prudential matter, the Seventh Circuit has held that this type of action should be pursued as either a class action or derivative action, in order to avoid inconsistent rulings and to ensure the interests of the beneficiaries are adequately represented."). *See also* Fed. R. Civ. Proc. 23.1, Advisory Comm. Note ("The court has inherent power to provide for the conduct of the proceedings in a derivative action, including the power to determine the course of the proceedings and require that any appropriate notice be given to shareholders or members"). Indeed, that is precisely what the Ninth Circuit did in *Kayes*, when it concluded that the action should proceed as a class action, subject to the protections and requirements of Rule 23. *See Kayes*, 51 F.3d at 1463; s*ee also Montgomery*, 1996 WL 189347, at *4 ("Since class certification is found to be appropriate, it is unnecessary to consider whether the case could otherwise be pursued as a derivative action."). As indicated earlier, however, Ms. Coan has expressly disclaimed any interest in bringing this lawsuit as a class action under Rule 23 and has contended that the procedural requirements of Rule 23.1 do not apply to her lawsuit.[9]

---

[9] At common law:
If a suit is brought against the trustees by one or more of several beneficiaries, it is important to protect the interests of the other beneficiaries and it is also important that the decision should be binding on the other beneficiaries in order to protect the trustee from further suits by them. Hence the other beneficiaries should have

Third and finally, as Defendants rightly point out in their brief, "[I]t was not Plaintiff's failure to comply with Rule 23.1 that was [necessarily] fatal to her claim. It was her failure to . . . do <u>anything</u> to demonstrate that her action actually was intended to benefit former plan participants other than Karen Coan that rendered specious Plaintiff's claim to be acting 'on behalf of' others." Defs' Opp. to Pl's Mot. For Recons. at 2 (emphasis in original). Despite Plaintiff's counsel's efforts to recharacterize Plaintiff's lawsuit as a "derivative" action, the Court was persuaded (and still is) that Plaintiff was, in fact, suing individually for individual recovery for herself. "As such," the Court noted, "the Supreme Court's decision in [*Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)] bars her claim." Decision at 17. Plaintiff's failure to take any steps in the three years since the case was filed to proceed in a representative, derivative or class-wide capacity or to join other plan participants, fortified the Court in its conclusion that this case was in substance all about an individual's efforts to recover damages for herself. *See id.* at 16.

In this regard, the Court finds the decisions in *Kayes* and *AEP* instructive and quite

---

an opportunity to be heard. Ordinarily they should be joined as parties, either as plaintiffs or as defendants, if their interests would be affected by the decree.
3 A. Scott & W. Fratcher, *Law of Trusts* § 214, p. 318-20 (4th ed.1988). While the Seventh Circuit in *Thornton* stated that "we see no place for the traditional trust law principle that all beneficiaries (in this case, they number in the hundreds of thousands) are 'necessary parties' to a suit brought directly by beneficiaries to challenge the waste and mismanagement of fund assets," the court also observed that there was "no practical way to achieve joinder of all Fund beneficiaries in this case." *Thornton*, 692 F.2d at 1080 n.36. That is not true here, where the number of plan participants is relatively small and they could easily have been joined, though in the three years that this action was pending Plaintiff made no effort to do so.
   At the close of argument on the Motion for Reconsideration on November 30, 2004, Plaintiff's counsel suggested for the first time that in view of the Court's position, he was considering requesting an opportunity to amend Plaintiff's complaint to certify a class action or to join all other plan participants. While such a request would certainly have been proper at an earlier stage of this proceeding, suffice it to say that counsel's suggestion, made after the close of discovery, after arguments on summary judgment, after this Court's Decision *and* even after the filing of a Motion for Reconsideration and an appeal, comes far too late in the day.

different from Plaintiff's situation.  In *Kayes*, for example, a number of former employees and former spouses of former employees sued defendants on behalf of beneficiaries and participants of a plan.  Unlike Plaintiff, the plaintiffs in *Kayes* moved for class certification, and the Ninth Circuit concluded that the district court had erred in failing to certify the lawsuit as a class action. *See Kayes*, 51 F.3d at 1463.  Similarly, in *AEP*, plaintiffs sued on behalf of "all other persons similarly situated" who participated in a plan and sought plan-wide relief on behalf of the plan and on behalf of a class consisting of all of its participants.  *AEP*, 327 F. Supp. 2d at 817.  The district court held that in view of plaintiffs' unrebutted "clarifications" that they sought relief only in a representative and not individual capacity, dismissal of plaintiffs' complaint was "not warranted."  *Id.*  By contrast, in the three years since this action was filed, Plaintiff had not taken any steps to demonstrate tangibly that her action was anything other than a lawsuit seeking individual relief on her own behalf.

      Accordingly, while the Court GRANTS Plaintiff's Motion for Reconsideration [doc. #80], the Court reaffirms its Decision [doc. #78].  There are many novel issues in this case – not only the issues raised by Plaintiff's Motion for Reconsideration but also the issue of Plaintiff's standing, which is addressed at length in the Court's Decision.  Further guidance on those important issues will have to come from the Second Circuit, where this case is currently on appeal.

IT IS SO ORDERED.


/s/      Mark R. Kravitz
         United State District Judge


Dated at New Haven, Connecticut: December 9, 2004.