**MANDATE**

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

nhet
01-cv-1737
Kravitz

---

## JUDGMENT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 21st day of July, two thousand and six.

Before:    Hon. Thomas J. Meskill,
           Hon. Robert D. Sack,
           Hon. Barrington D. Parker,
                    *Circuit Judges*

Docket No. 04-5173-cv

*(FILED JUL 21 2006 — Roseann B. MacKechnie, Clerk, United States Court of Appeals, Second Circuit)*

---

KAREN B. COAN,

           Plaintiff-Appellant,

- v -

ALAN H. KAUFMAN and EDGAR W. LEE,

           Defendants-Appellees.

---

Appeal from the United States District Court for the District of Connecticut.

This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.

On consideration whereof, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED in accordance with the opinion of this Court.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk
by

Arthur M. Heller
Motions Staff Attorney

A TRUE COPY
Roseann B. MacKechnie, Clerk
by [signature]
DEPUTY CLERK

Issued as Mandate: 8/14/06

A4

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2005

(Argued: August 24, 2005                    Decided: July 21, 2006)

Docket No. 04-5173-cv

------------------------------------

KAREN B. COAN,

Plaintiff-Appellant,

- v -

ALAN H. KAUFMAN and EDGAR W. LEE,

Defendants-Appellees.

------------------------------------

Before:   MESKILL, SACK, and B.D. PARKER, Circuit Judges.

The plaintiff, a former employee and retirement plan participant, brought this action individually and on behalf of the plan seeking damages or equitable relief for alleged breach of fiduciary duty on the part of the defendants plan trustees, pursuant to the Employee Retirement Insurance Security Act, 29 U.S.C. § 1001 et seq., in the United States District Court for the District of Connecticut. The court (Mark R. Kravitz, Judge) granted summary judgment to the defendants.

Affirmed.

THOMAS G. MOUKAWSHER, Moukawsher & Walsh LLC (Ian O. Smith, of counsel), Hartford, CT, for Plaintiff-Appellant.

GLENN W. DOWD, Day, Berry, & Howard, LLP New Haven, CT, for Defendants-Appellees.

>                         SUSAN J. LUKEN, Trial Attorney, United
>                         States Department of Labor (Howard M.
>                         Radzely, Solicitor of Labor, Timothy D.
>                         Hauser, Associate Solicitor, Plan
>                         Benefits Security Division, Elizabeth
>                         Hopkins, Counsel for Appellate and
>                         Special Litigation, Plan Benefits
>                         Security Division, of counsel),
>                         Washington, DC, for Amicus Curiae Elaine
>                         L. Chao, Secretary of Labor, in support
>                         of plaintiff-appellant.
>
>                         Mary Ellen Signorille, AARP Foundation
>                         (Melvin Radowitz, AARP, of counsel)
>                         Washington, DC, for Amicus Curiae AARP
>                         in support of plaintiff-appellant.

SACK, Circuit Judge:

This appeal presents several difficult questions regarding the ability of a former employee who participated in a retirement plan established pursuant to section 401(k) of the Internal Revenue Code, to bring suit against the plan's trustees for breach of fiduciary duty under the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. § 1001 et seq.[1] Plaintiff Karen Coan was the controller of a company called KLC Inc. Coan asserts that KLC president Alan Kaufman and vice-

---

[1] "An employee who participates in a deferred compensation plan to save for retirement qualifies for tax benefits pursuant to 26 U.S.C. § 401(k)." In re Schering-Plough Corp. ERISA Litig., 420 F.3d 231, 232 n.1 (3d Cir. 2005). Such a plan is "referred to in ERISA as an 'individual account plan' or a 'defined contribution plan.'" Id. (quoting 29 U.S.C. § 1002(34)).

president Edgar Lee, as trustees of two employee retirement funds included in the company's 401(k) plan, mismanaged the funds and improperly failed to diversify its investments, and that the mismanagement resulted in a combined loss to the plan of more than $500,000. Coan, who was a participant in the now-terminated 401(k) plan, brought suit under ERISA for damages or equitable relief. The district court (Mark R. Kravitz, <u>Judge</u>) granted the defendants' motion for summary judgment and reaffirmed its decision upon reconsideration. <u>See</u> <u>Coan v. Kaufman</u> (<u>Coan I</u>), 333 F. Supp. 2d 14 (D. Conn. 2004); <u>Coan v. Kaufman</u> (<u>Coan II</u>), 349 F. Supp. 2d 271 (D. Conn. 2004).

The three issues on this appeal do not concern Coan's underlying claim of breach of fiduciary duty, but rather the scope of the rights of action created by ERISA's civil enforcement provisions. The first issue, which the district court concluded it did not need to decide, is whether Coan, as a former employee who participated in the defunct KLC 401(k) plan, is entitled to bring suit as a "participant" in a benefit plan for purposes of ERISA. The second issue is whether the district court erred in dismissing the claim brought by Coan on behalf of the 401(k) plan on the ground that individual plaintiffs bringing suit on behalf of employee benefit plans under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), must comply with procedural safeguards applicable to suits brought in a representative or derivative

capacity. The third issue is whether the district court erred in dismissing Coan's claim for individual equitable relief under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), on the ground that the relief she seeks is not "equitable" within the meaning of the statute. We agree with the district court as to the first and third issues. Although we have doubts about some of the grounds for the district court's decision as to the second issue, we agree with its ultimate conclusion and therefore affirm.

**BACKGROUND**

The facts relevant to this appeal are not in dispute. Coan was employed at KLC as its controller while KLC was being acquired by another company, Unicapital Corporation. During that 1998 acquisition, the two defendants, Kaufman and Lee, rolled one of the three funds comprising KLC's 401(k) plan into Unicapital's 401(k) plan, but, for some three years thereafter, maintained control over the other two funds. At first, Kaufman and Lee invested money from the two funds principally in a government-bond mutual fund. Later they transferred a significant portion of it to stock funds. Between 1999 and 2001, the two funds earned returns totaling about $500,000 less than benchmark funds identified by Coan's expert. Upon the final dissolution of the KLC plan in 2001, the plan's assets were distributed in lump sums to its participants, including Coan, according to their individual account balances. Coan continued to be employed by

Unicapital after its acquisition of KLC but was laid off soon thereafter, in July 2000. She does not assert that any of the events relevant to this lawsuit played a role in her termination.

In September 2001, Coan brought this action in the United States District Court for the District of Connecticut asserting that she was doing so both individually and on behalf of KLC's 401(k) plan. She alleged that the plan lost some $500,000 as a result of the imprudent investment decisions of Kaufman and Lee, which, according to Coan, constituted breaches of fiduciary duty in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).

Invoking section 409 of ERISA, 29 U.S.C. § 1109, which establishes personal liability for breaches of fiduciary duty, Coan asked for damages and restitution pursuant to section 502(a)(2) of ERISA, which allows participants in an employee benefit plan to bring suit on behalf of the plan for legal and equitable remedies allegedly caused by breaches of fiduciary duty. Coan also sought restitution and "other appropriate equitable relief" under section 502(a)(3) of ERISA, which provides equitable relief for any violation of ERISA or of the terms of an ERISA-covered plan. Coan suggests that appropriate equitable relief might entail "make whole monetary relief" or an injunction "reinstating the terminated plans, requiring the trustees to pay into them additional benefits lost through a

1   breach of fiduciary duty, and directing them to pay the
2   additional benefits to Coan as required by the terms of the
3   plans."  Coan Br. at 14.
4       At the close of discovery, the defendants moved for
5   summary judgment, arguing (1) that Coan did not have statutory
6   standing as a "participant" under ERISA;(2) that Coan could not
7   recover under section 502(a)(2) of ERISA because, having failed
8   to take any steps to include other plan participants in the
9   action, her suit was not properly brought on behalf of KLC's
10  401(k) plan as required by section 502(a)(2); and (3) that
11  section 502(a)(3) relief was unavailable to her because the
12  remedies Coan sought were not equitable but legal.  After oral
13  argument, the district court granted the defendants' motion.
14  Assuming without deciding that Coan was a "participant," the
15  court agreed with the defendants that relief was, in any event,
16  not available to Coan under sections 502(a)(2) and 502(a)(3) of
17  ERISA.  See Coan I, 333 F. Supp. 2d at 23-27.
18      Coan moved for reconsideration, arguing principally
19  that the district court erred in dismissing her section 502(a)(2)
20  claim.  The district court granted the motion to reconsider, but
21  having reconsidered, reaffirmed its decision in Coan I.  See Coan
22  II, 349 F. Supp. 2d at 277.
23      Coan appeals.
24                          **DISCUSSION**

I.   Standard of Review

We review de novo a district court's grant of summary judgment. Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 260 (2d Cir. 2005). The interpretation of ERISA is a question of law that is also subject to de novo review. Burke v. Kodak Retirement Income Plan, 336 F.3d 103, 111 (2d Cir. 2003), cert. denied, 540 U.S. 1105 (2004).

II.   "Participant" Standing

The rights of action that Coan seeks to assert are available only to -- other than the Secretary of Labor -- participants, beneficiaries, or fiduciaries of an employee benefit plan. 29 U.S.C. §§ 1132(a)(2) & (a)(3); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100-01 (2d Cir. 2005); Connecticut v. Physicians Health Servs. Of Conn., Inc., 287 F.3d 110, 121 (2d Cir.) ("[N]on-enumerated parties lack statutory standing to bring suit under [ERISA] even if they have a direct stake in the outcome of the litigation."), cert. denied, 537 U.S. 878 (2002). Coan asserts that she is a plan participant. Before the district court and again on appeal, the defendants argue that Coan lacks statutory standing because at the time she brought suit she was no longer a participant in the KLC 401(k) plan for purposes of ERISA.

After thoughtful consideration, the district court declined to decide that question. The court noted that "[t]hough

the Second Circuit has not yet expressly addressed this issue, many federal courts have denied participant standing to former employees such as Ms. Coan where the plans in question have been terminated and their assets have been fully disbursed via lump sum distributions." Coan I, 333 F. Supp. 2d at 19. But it also noted that "there is support in Second Circuit case law for [a] broad 'zone of interests' approach to ERISA standing" that would allow Coan's suit. Id. at 22 (citing Mullins v. Pfizer, 23 F.3d 663, 664, 668 (2d Cir. 1994)). Given these countervailing considerations and its ultimate conclusion that Coan's suit should be dismissed on other grounds, the court assumed without deciding that Coan was a "participant" under ERISA. Id. at 23.

ERISA defines a "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). The Supreme Court has explained that "[i]n order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117-118 (1989).

As the district court pointed out, several circuits have concluded that former employees such as Coan who have

1   accepted lump-sum payments of their retirement benefits are no
2   longer "participants" for purposes of ERISA.  See Raymond v.
3   Mobil Oil Corp., 983 F.2d 1528, 1535-36 (10th Cir.) cert. denied,
4   510 U.S. 822 (1993); Kuntz v. Reese, 785 F.2d 1410, 1411 (9th
5   Cir.) (per curiam), cert. denied, 479 U.S. 916 (1986).  And, as
6   the district court also noted, Coan does not allege that she
7   would be entitled to further benefits "but for"
8   misrepresentations made by the defendants, so she is not entitled
9   to "participant" standing on that ground.  See Mullins, 23 F.3d
10  at 667 (concluding that a former employee has participant
11  standing when he alleged that "but for the fact that [the
12  defendant] misled him, he would have been a 'participant'").
13          On the other hand, whether acceptance of a lump-sum
14  payment terminates a person's status as a participant may depend
15  on whether the plan is a "defined benefits" or a "defined
16  contribution" plan.[2]  Coan, unlike the plaintiffs discussed in
17  other circuits' case law, participated in a 401(k) plan, which is
18  an "individual account" or "defined contribution" plan under
19  ERISA.  See 29 U.S.C. § 1002(34).  According to ERISA, an

---

[2] For a discussion of the differences between defined benefit plans and defined contribution plans with respect to a participant's interest in the plan's surplus, see Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 438-41 (1999) (explaining that participants in defined benefit plans, in contrast to participants in defined contribution plans, "have no entitlement to share in a plan's surplus").

individual's "accrued benefit[s]" under such a plan are simply "the balance of the individual's account." Id. § 1002(23)(B). Arguably, therefore, Coan's claim that the lump-sum distribution of her account balance would have been greater absent the defendants' breach of fiduciary duty is a claim "for benefits" -- which, if "colorable," means that she "may become eligible for benefits" and thus qualifies as a "participant" under ERISA. See Firestone, 489 U.S. at 117-118 (internal quotation marks omitted); see also Gray v. Briggs, No. 97 Civ. 6252, 1998 WL 386177, at *4-*6, 1998 U.S. Dist. LEXIS 10057, at *9-*13 (S.D.N.Y. July 7, 1998) (concluding that former employee who claimed that distributions received under a defined contribution plan were reduced because of defendants' breach of fiduciary duty was a "participant" for purposes of ERISA).

      Like the district court, we do not think it necessary to determine whether Coan was a "participant." Although we have referred to a plaintiff's status as a "participant" under ERISA as a question of "standing," see, e.g., Nechis, 421 F.3d at 100-02, it is a statutory requirement, not a constitutional one. Unlike Article III standing, which ordinarily should be determined before reaching the merits, see Steel Co. v. Citizens for a Better Env., 523 U.S. 83, 94-95 (1998), statutory standing may be assumed for the purposes of deciding whether the plaintiff otherwise has a viable cause of action, see id. at 97 (citing

Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers, 414 U.S. 453 (1974)); see also Lerner v. Fleet Bank, N.A., 318 F.3d 113, 127 (2d Cir.) ("[C]ourts may determine whether a cause of action exists under a given statute, an issue of statutory construction that goes to the merits of the action, before addressing . . . statutory standing."), cert. denied, 540 U.S. 1012 (2003).[3] Because we agree with the district court that Coan's suit should be dismissed irrespective of whether she is a "participant" under ERISA, we too will assume rather than decide that she is.

### III. Section 502(a)(2)

Coan seeks relief under section 502(a)(2) of ERISA, which provides, in relevant part, that civil actions may be

---

[3] In Lerner, we stated that statutory standing is "generally treated as jurisdictional in nature," Lerner, 318 F.3d at 127 (citing Thompson v. County of Franklin, 15 F.3d 245, 248 (2d Cir. 1994)), but found an exception to this general rule in cases where statutory standing is "sufficiently intertwined with the merits of the action, such that its determination requires an evaluation of the merits of the action and makes any potential distinction between the merits and . . . standing exceedingly artificial," id. at 130. Whether or not statutory standing is jurisdictional, however, it may be assumed for purposes of deciding the merits. See Steel Co., 523 U.S. at 97 n.2 (stating that "a merits question can be given priority over a statutory standing question"); cf. United States v. Canova, 412 F.3d 331, 348 (2d Cir. 2005) (explaining in the context of criminal sentencing that "because the jurisdictional challenge in this case is statutory rather than constitutional, we may assume hypothetical jurisdiction").

1   brought "by the Secretary [of Labor], or by a participant,
2   beneficiary or fiduciary for appropriate relief under section
3   1109 of this title."  29 U.S.C. § 1132(a)(2).  Section 409 of
4   ERISA (29 U.S.C. § 1109), in turn, provides, inter alia, that a
5   plan fiduciary "who breaches any of the responsibilities,
6   obligations, or duties imposed upon fiduciaries by this
7   subchapter shall be personally liable to make good to such plan
8   any losses to the plan resulting from each such breach."  ERISA
9   § 409(a), 29 U.S.C. § 1109(a).
10          Under sections 502(a)(2) and 409(a), plan participants
11  may unquestionably bring actions against plan fiduciaries for
12  breaches of fiduciary duty.  But in Massachusetts Mutual Life
13  Insurance Co. v. Russell, 473 U.S. 134 (1985), the Supreme Court
14  stated that such claims may not be made for individual relief,
15  but instead are "brought in a representative capacity on behalf
16  of the plan."  Id. at 142 n.9; see also Lee v. Burkhart, 991 F.2d
17  1004, 1009 (2d Cir. 1993) (concluding that Russell "bars
18  plaintiffs from suing under [s]ection 502(a)(2) because
19  plaintiffs are seeking damages on their own behalf, not on behalf
20  of the Plan").
21          The district court decided that Coan's section
22  502(a)(2) claim should be dismissed because she failed to take
23  procedural steps to ensure the protection and adequate
24  representation of absent plan participants.  The court based its

1   decision on three alternative grounds.  First, it concluded that
2   our decision in Diduck v. Kaszycki & Sons Contractors, Inc., 974
3   F.2d 270, 287 (2d Cir. 1992), abrogated on other grounds, see
4   Gerosa v. Savasta & Co., 329 F.3d 317, 322-23, 327-28 (2d Cir.)
5   (explaining that other aspects of Diduck are inconsistent with
6   subsequent Supreme Court decisions), cert. denied, 540 U.S. 967
7   (2003), requires plaintiffs bringing suit on behalf of an
8   employee benefit plan to follow Federal Rule of Civil Procedure
9   23.1, which sets forth procedures to be followed in shareholder
10  derivative actions.  Coan II, 349 F. Supp. 2d at 274-75.  Second,
11  the court reasoned that even if plaintiffs bringing suit under
12  section 502(a)(2) are not strictly required to follow Rule 23.1,
13  they must adhere to the "general principles that apply in
14  shareholder derivative actions."  Id. at 275 (internal quotation
15  marks and citation omitted).  Finally, the district court
16  concluded that, in any event, Coan's "failure to do anything to
17  demonstrate that her action actually was intended to benefit
18  former plan participants other than Karen Coan . . . rendered
19  specious [her] claim to be acting on behalf of others."  Id. at
20  277 (internal quotation marks, citation and ellipsis omitted;
21  emphasis in original).  We agree with the district court's
22  decision based on the third ground.
23  A.  Rule 23.1
24            In her brief, Coan focuses primarily on the first

-13-

1  ground for the district court's decision -- Rule 23.1 -- and
2  argues that the court erred in imposing the requirements of the
3  rule on her. There is significant doubt as to whether under
4  section 502(a)(2) of ERISA plaintiffs are required to follow Rule
5  23.1. Rule 23.1 "applies only to derivative actions 'brought by
6  one or more <u>shareholders</u> or <u>members</u> to enforce a right of a
7  <u>corporation</u> or of an <u>unincorporated association</u>.'" <u>Kayes v. Pac.
8  Lumber Co.</u>, 51 F.3d 1449, 1462 (9th Cir. 1995) (quoting Rule
9  23.1) (emphasis added by <u>Kayes</u>). By its terms, the rule does not
10 apply to section 502(a)(2) suits, which are neither brought by
11 shareholders or members nor are brought to enforce the right of a
12 corporation or of an unincorporated association. <u>See</u> <u>id.</u> at
13 1462-63 (concluding that plaintiffs suing under section 502(a)(2)
14 do not have to meet requirements of Rule 23.1); <u>In re AEP ERISA
15 Litig.</u>, 327 F. Supp. 2d 812, 820-21 (S.D. Ohio 2004) (same); <u>cf.
16 RCM Secs. Fund, Inc. v. Stanton</u>, 928 F.2d 1318, 1325 (2d Cir.
17 1991) (stating that "[t]he plain language of [Rule 23.1] . . .
18 governs our construction of it").
19         It is true that in <u>Diduck</u>, which the district court
20 treated as controlling, we concluded that Rule 23.1 was
21 applicable to a suit brought by participants on behalf of an
22 ERISA plan. <u>Diduck</u>, 974 F.2d at 287. But <u>Diduck</u> involved an
23 action brought under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2),
24 not section 502(a)(2). Section 502(g)(2) authorizes fiduciaries,

but no one else, to obtain unpaid contributions pursuant to ERISA § 515, 29 U.S.C. § 1145, which requires employers participating in multi-employer ERISA plans to make obligatory contributions to the plans. Because section 502(g)(2) only applies to suits by fiduciaries, it is sensible to require plan participants, if they may assert the fiduciaries' right of action at all, to follow Rule 23.1, which applies when the appropriate plaintiff has "failed to enforce a right which may properly be asserted by it." Fed. R. Civ. P. 23.1. Section 502(a)(2), unlike section 502(g)(2), provides an express right of action for participants -- presumably because the drafters of ERISA did not think fiduciaries could be relied upon to sue themselves for breach of fiduciary duty. Because plan participants are expressly authorized to bring suit under section 502(a)(2), the situation here is not controlled by Diduck.

B.  General Principles of Derivative Suits

For similar reasons, we harbor some doubt about the district court's second ground for dismissing Coan's section 502(a)(2) claim, namely, Coan's failure "to comply with the general principles that apply in shareholder derivative actions." Coan II, 349 F. Supp. 2d at 275 (internal quotation marks and citation omitted). As the Supreme Court explained in Daily Income Fund, Inc. v. Fox, 464 U.S. 523, 529 (1984), "the term 'derivative action' . . . has long been understood to apply only